IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DARNELL WILSON                                              PLAINTIFF

v.                                                            No. 2:10MC1-D

SHERIFF BILL RASCOE                                DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Darnell Wilson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, all proposed plaintiffs except for Darnell Wilson will be dismissed from this case, and Wilson will be required to submit an amended complaint on the proper form (which will be provided) setting forth all of his claims in a single document.

**Multiple Plaintiffs in a Prisoner Case Filed Under 42 U.S.C. § 1983**

Darnell Wilson, the plaintiff in this case, is incarcerated in the DeSoto County Jail in Hernando, Mississippi. He has filed a complaint in this court purportedly on behalf of "all inmates [in the DeSoto County Jail], present and future." "[A] section 1983 complaint must be based upon the violation of [a] plaintiff's personal rights, and not upon the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(citations omitted); *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is required to prove some violation of his personal rights. *Id.*, *Topic v. Circle Realty Co.*, 532 F.2d 1273 (9th Cir.), *cert. denied*, 429 U.S. 859, 97 S.Ct. 160, 50 L.Ed.2d 137 (1976). Commingling the various claims of multiple plaintiffs makes

"separating the wheat from the chaff" more difficult for the court, raising the likelihood of obscuring meritorious claims with frivolous ones. Moreover, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other actions.

The enactment of the Prison Litigation Reform Act of 1996 militates against multi-plaintiff prisoner complaints, as well. For example, prisoner plaintiffs proceeding IFP are required to pay the full amount of the filing fee and costs, and prisoners who have brought three or more frivolous or malicious complaints or complaints failing to state a claim may not proceed IFP. 28 U.S.C. §§ 1915(b)(1), 1915(f)(2)(A), 1915(g). The court holds that requiring each prospective plaintiff to file his individual complaint and application to proceed *in forma pauperis* will prejudice the rights of neither the plaintiff nor the defendants and will result in an efficient use of available judicial resources. For these reasons, all of the plaintiffs in this case – except Darnell Wilson – will be dismissed from this suit.

### Wilson's Complaint and Other Papers

Wilson's complaint is over fifty pages long and contains a multitude of claims – some on behalf of himself, some on behalf of others – and none in any discernable order. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). While the court must construe the pleadings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), those litigants must nonetheless follow the rules of court. *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995). In addition, Wilson has filed a multitude of papers with the court – each with old and new claims – and again, in no particular order. These papers will be filed in the correspondence section of the court file, and Wilson will be required to file an amended complaint – which will contain only Wilson himself as a plaintiff – and which will contain the claims he wishes to bring in this case.

## Conclusion

In sum, all plaintiffs in this case, except Darnell Wilson, are **DISMISSED** with prejudice. In addition, *within thirty days of the date of this order*, Wilson must file an amended complaint listing only himself as a plaintiff, and summarizing all of his claims in that document. Finally, the Clerk of the Court will to place all other papers previously received from Wilson in this case with correspondence in the court file. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 11th day of May, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**